```
 1  THOMAS P. O'BRIEN
    United States Attorney
 2  CHRISTINE C. EWELL
    Assistant United States Attorney
 3  Chief, Criminal Division
    STEVEN R. WELK
 4  Assistant United States Attorney
    Chief, Asset Forfeiture Section
 5  FRANK D. KORTUM
    Assistant United States Attorney
 6  California Bar No. 110984
         United States Courthouse
 7       312 N. Spring Street, Suite 1400
         Los Angeles, California 90012
 8       Telephone:  (213) 894-5710
         Facsimile:  (213) 894-7177
 9       Email:      frank.kortum@usdoj.gov

10  Attorneys for Plaintiff
    United States of America
11
                    UNITED STATES DISTRICT COURT
12
             FOR THE CENTRAL DISTRICT OF CALIFORNIA
13
                         WESTERN DIVISION
14
```

| | | |
|---|---|---|
| 15 | UNITED STATES OF AMERICA, ) | NO. 2:06-cv-06758-FMC-PLAx |
| 16 | Plaintiff, ) | [AND THE FOLLOWING CONSOLIDATED ACTIONS: United |
| 17 | v. ) | States v. $15,781.76 in U.S. Currency, et al., CV 07-1962- |
| 18 | REAL PROPERTY LOCATED IN ) ORANGE, CALIFORNIA, ) | FMC (PLAx); and United States v. Real Property Located in |
| 19 | ) Defendant. ) | Orange, California, CV 06-6759-FMC (PLAx)] |
| 20 | ) | |
| 21 | ELIZABETH LARA, ) | **CONSENT JUDGMENT** |
| 22 | Claimant. ) | [NOTICE OF LODGING LODGED CONCURRENTLY HEREWITH] |
| 23 | ) | [THIS DOCUMENT PERTAINS TO |
| 24 | AND CONSOLIDATED ACTIONS ) | United States v. Real Property Located in Orange, |
| 25 | ) | California, CV 06-6758-FMC (PLAx); and United States v. |
| 26 | ) | $15,781.76 in U.S. Currency, et al., CV 07-1962-FMC |
| 27 | | (PLAx), ONLY] |
| 28 | | |

1    On October 24, 2006, plaintiff United States of America
2 ("plaintiff" or the "government") filed a Complaint for
3 Forfeiture alleging that the defendant real property located at
4 305 North Batavia Street, Orange, California[1] (the "defendant
5 real property") was subject to forfeiture pursuant to 21 U.S.C. §
6 881(7).
7    Claimant Elizabeth Lara ("claimant") filed a State of
8 Interest on December 8, 2006 and then an Answer of December 26,
9 2008.  No other claims, statements of interest, or answers have
10 been filed, and the time for filing claims, statements, and
11 answers has expired.
12    On March 26, 2007, plaintiff filed a related Complaint for
13 Forfeiture against the defendant properties as follows:
14 $15,781.76 in US Currency (the "defendant currency"); one 2002
15 Chevrolet Tahoe (the "2002 Chevrolet"); one 2003 Chevrolet Impala
16 (the "2003 Chevrolet"); and one 1998 Chevrolet Tahoe (the "1998
17 Chevrolet")(collectively the "defendant properties").  The
18 government alleged that the defendant properties were subject to
19 forfeiture pursuant to 21 U.S.C. § 881(a)(4) and (6).
20    Claimants Maricela Cortez, Mario Cortez Orozco, and

---

[1] The legal description of the defendant real property (Assessor's Parcel No. 386-441-07) is described as:  A.) The South 87 feet of the West 154 feet of Richland Farms Lot 28, in the City of Orange, County of Orange, State of California, as per map recorded in Book 5 Page 123 of Miscellaneous Records of Los Angeles County, California.  B.) Excepting the interest in the South 33 feet and the West 33 feet of said land which was reserved for road purposes by C.F. Pino and Katie L. Pino, husband and wife in deed recorded May 26, 1908 in Book 146 Page 351 of deeds.  C.) Also excepting that portion of said land granted to the City of Orange in Deed recorded December 4, 1970, in Book 9478 Page 353, of Official Records.

Elizabeth Lara (collectively "claimants") filed Statements of Interest.  Claimants Maricela Cortez and Mario Cortez Orozco filed their Statements of Interest on April 30, 2007.  Likewise, claimant Elizabeth Lara file her Statement of Interest on May 10, 2007.  No other claims, statements of interest, or answers have been filed, and the time for filing claims, statements, and answers has expired.

The government and claimants have agreed to settle these consolidated forfeiture actions and to avoid further litigation.

The Court having been duly advised of and having considered the matter, and based upon the consent of plaintiff and claimants,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

2.   The Complaint for Forfeiture states a claim for relief pursuant to 21 U.S.C. § 881(a)(4) and (6).

3.   Notice of this action has been given as required by law.  Claimants filed the only statements of interest or claims.  Claimants are relieved of their duty to file answers in this action.  The Court deems that all other potential claimants admit the allegations of the Complaint for Forfeiture to be true.

4.   Claimants agree to forfeiture as set out below.  A judgment of forfeiture is hereby entered in favor of the United States, which shall dispose of the following defendant properties in accordance with the law:

    (A)   The action against the defendant property is hereby dismissed.  The government will record a withdrawal of lis

pendens within 30 days of the entry of judgment.

       (B)  The 2002 Chevrolet is hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

   5.  Claimants hereby waive attorneys' fees and cost.

   6.  Claimants will execute further documents, to the extent necessary, to convey clear title to the defendant properties and to further implement the terms of this Consent Judgment.

   7.  Claimants waive the redacting and sealing requirements of L.R. 79-5.4.

   8.  Claimants hereby release the United States of America, its agencies, officers, and employees, including employees of the Federal Bureau of Investigation, and local law enforcement agencies, their agents, officers, and employees, from any and all claims, actions, or liabilities arising out of or related to this action, including, without limitation, any claim for attorneys' fees, costs, or interest on behalf of claimants, whether pursuant to 28 U.S.C. § 2465 or otherwise.

   9.  The Court finds that there was reasonable cause for the institution of these proceedings against the defendant real properties.  This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

   10. The Court further finds that claimants did not substantially prevail in this action, and the parties shall bear their own attorneys' fees and other costs of litigation.

DATED: July 23, 2009

*Florence-Marie Cooper*
_____
FLORENCE-MARIE COOPER
UNITED STATES DISTRICT JUDGE

FDK:ka